## **EXHIBIT A**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HERCULES OFFSHORE, INC., *et al.* | ) Case No. 15-_____(___) |
| | ) |
| Debtors.¹ | ) **Re D.I.** _____ |
| | ) |

**ORDER (I) AUTHORIZING THE DEBTORS TO FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS' TOP THIRTY-FIVE CREDITORS; (II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS; (III) EXTENDING THE TIME, AND, UPON PLAN CONFIRMATION, WAIVING THE REQUIREMENT, TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS; (IV) WAIVING THE REQUIREMENT TO CONVENE THE SECTION 341(A) MEETING OF CREDITORS; (V) LIMITING NOTICE REQUIRED UNDER BANKRUPTCY RULE 2002; (VI) CONDITIONALLY WAIVING (A) THE STAFFING AND BUDGET REQUIREMENTS OF THE U.S. TRUSTEE FEE GUIDELINES AND (B) ANY APPLICABLE REQUIREMENT TO APPOINT A FEE EXAMINER; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c), 1007-1, 1007-2, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty-five (35) largest unsecured creditors; (ii) waiving the requirement to file a list of equity security holders; and (iii)

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326).

² Capitalized not defined herein are defined in the Motion.

waiving the requirement, that the Debtors file their Schedules and Statements (as defined below) upon confirmation of the Plan (as defined below) if confirmation occurs on or before the Deadline; (iv) waiving the requirement to convene the section 341(a) meeting of creditors if the Plan becomes effective on or before the Deadline; (v) limiting notice required under Bankruptcy Rule 2002 to be provided in these cases; (vi) conditionally waiving, to the extent applicable, (a) the budget and staffing requirements of the Large Case Fee Guidelines and (b) any requirement to appoint a fee examiner based on the Debtors' total assets or liabilities; and (vii) granting related relief; and upon consideration of the First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and upon the record in these proceedings; and after due deliberation;

    IT IS HEREBY ORDERED THAT:

    1.      The Motion is GRANTED.

    2.      The requirement of Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived.

3. The Debtors are authorized to submit a consolidated list of their top thirty-five (35) unsecured creditors.

4. The requirement that the Debtors file a list of their equity security holders under Bankruptcy Rule 1007(a)(3) is permanently waived.

5. The time within which the Debtors shall file the Schedules and Statements is extended through and including November 7, 2015 (the "Deadline"), without prejudice to the Debtors' right to seek further extensions of the time within which to file the Schedules and Statements or to seek additional relief from this Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements.

6. The requirement that the Debtors file the Schedules and Statements is permanently waived effective upon the date of confirmation of the Plan, provided confirmation occurs on or before the Deadline.

7. The United States Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code unless the Plan is not confirmed in these cases on or before the Deadline.

8. The requirement to provide notice of the commencement of these chapter 11 cases or any future notice to foreign vendors for whom the Debtors do not possess a current address is waived unless the Plan is not confirmed on or prior to the Deadline.

9. The Debtors' attorneys shall not be required to submit budget or staffing plans in connection with fee applications, provided confirmation of the Plan occurs on or before the Deadline.

10. Notwithstanding any general order of this Court to the contrary, no fee examiner or fee auditor shall be appointed, provided confirmation of the Plan occurs on or before the Deadline.

11. Notwithstanding any provision in the Federal Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: _____, 2015
      Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE