IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HERCULES OFFSHORE, INC., *et al.* ) | Case No. 15-11685 (KJC) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors.[1] ) | Re: D.I. 12 |
| ) | |

**ORDER AUTHORIZING THE DEBTORS TO (I) ASSUME
THE RESTRUCTURING SUPPORT AGREEMENT WITH CERTAIN SENIOR
NOTEHOLDERS, (II) PAY AND REIMBURSE RELATED FEES AND EXPENSES**

Upon the motion of the Debtors in the above-captioned cases for an order authorizing the Debtors to (i) assume the Restructuring Support Agreement, and (ii) pay and reimburse the reasonable and documented fees and out of pocket expenses incurred in connection with the Restructuring Support Agreement pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code (the "Motion");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The Debtors' corporate headquarters is located at 9 Greenway Plaza, Suite 2200, Houston, Texas 77046.

[2] The description of the Restructuring Support Agreement presented in the Motion is a summary of the principal terms of the Restructuring Support Agreement, and is qualified in all respects by, and the parties' obligations thereunder are subject to, the actual terms and conditions of the Restructuring Support Agreement. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors and other parties-in-interest; and the Court having found and determined that the Debtors' decision to enter into the Restructuring Support Agreement is a sound exercise of their business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications; and after due deliberation and cause appearing therefore, it is **HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized and directed to (i) assume the Restructuring Support Agreement effective upon the entry of this Order, (ii) comply with the terms thereof, (iii) effect the relief granted herein, and (iv) take any and all actions necessary to implement the terms of the Restructuring Support Agreement, provided that such authorization and direction only applies to the Debtors and not to their non-debtor subsidiaries and affiliates.

3. The Restructuring Support Agreement shall be binding on the Debtors and each of the Steering Group Members.

4. The failure to describe specifically or include any particular provision of the Restructuring Support Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Restructuring Support Agreement be assumed by the Debtors in its entirety.

5. The Debtors are authorized and directed to pay the Steering Group Fees and Expenses in accordance with the terms of the Restructuring Support Agreement. Without limiting any other provision of this Order, the Court finds that the Steering Group Fees and Expenses provided under the Restructuring Support Agreement: (i) are necessary to the

preservation of the Debtors' estates and are approved and allowed as administrative expenses pursuant to sections 503(b) and 507(a) of the Bankruptcy Code; and (ii) shall be payable pursuant to the terms of the Restructuring Support Agreement. Under no circumstances shall the Steering Group Fees and Expenses be subject to any otherwise applicable setoff, counterclaim or recoupment. None of the Steering Group Fees and Expenses shall be subject to further approval of the Court and no recipient of any Steering Group Fees and Expenses shall be required to file any interim or final application with the Court as a condition precedent to the Debtors' obligation to pay Steering Group Fees and Expenses. None of the Steering Group Fees and Expenses shall be subject to avoidance under Sections 542, 547 or 548 of the Bankruptcy Code.

6. The Restructuring Support Agreement shall be solely for the benefit of the parties thereto and no other person or entity shall be a third-party beneficiary hereof. No entity, other than the parties to the Restructuring Support Agreement, shall have any right to seek or enforce specific performance of the Restructuring Support Agreement.

7. The Restructuring Support Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, solely in accordance with the terms thereof, without further order of the Court.

8. For the avoidance of doubt, the parties to the Restructuring Support Agreement may serve any notices on the Debtors in accordance with the terms of the Restructuring Support Agreement without other or further order of the Court notwithstanding Bankruptcy Code section 362 or any order of the Court, to the extent applicable.

9. Notwithstanding Bankruptcy Rules 6004(h) and 6006, this Order shall take effect immediately upon its entry.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

11. All objections to the Motion or relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Aug 24, 2015

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE