IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| HERCULES OFFSHORE, INC., *et al.*, | ) Case No. 15-11685 (KJC) |
| Debtors.[1] | ) Jointly Administered |
|  | ) Re: D.I. 77, 110 |

**ORDER UNDER SECTIONS 327(A) AND 1107(B) OF THE BANKRUPTCY CODE, RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS DELAWARE BANKRUPTCY CO-COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") as Delaware bankruptcy co-counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the First Day Declaration; and upon the Dehney Declaration, attached to the Application as Exhibit A; and the Court being satisfied that Morris Nichols represents no interest adverse to the Debtors' estates, that Morris Nichols is a "disinterested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The address of the Debtors' corporate headquarters is Hercules Offshore, Inc., 9 Greenway Plaza, Ste 2200, Houston, TX 77046.

[2] Capitalized terms not defined herein are defined in the Application.

person" within the meaning of section 101(14) of the Bankruptcy Code, and that the employment of Morris Nichols is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given; and this Court having determined that the relief requested in the Application is just and proper; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Morris Nichols as their attorneys in these chapter 11 cases *nunc pro tunc* to the Petition Date.

3. The compensation to be paid to Morris Nichols for professional services rendered and reimbursement for expenses incurred shall be as determined by this Court upon proper application pursuant to sections 330 and 331 of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in the Application, Morris Nichols shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Morris Nichols also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this application and the interim and final fee applications to be filed by Morris Nichols in these chapter 11 cases.

2

5.  The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6.  This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Sept 8, 2015
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3