**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HERCULES OFFSHORE, INC., *et al.* | ) | Case No. 15-11685 (KJC) |
| Debtors.[1] | ) | Jointly Administered |
| | ) | **Re D.I. 79**, 111 |

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

Upon the application (the "**Application**") of the debtors in possession in the above-captioned case (collectively, the "**Debtors**" or the "**Company**") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), and its wholly owned subsidiaries (collectively, "**A&M**") as financial advisors, nunc pro tunc to the date of filing of these cases (the "**Petition Date**") on the terms set forth in the engagement letter (the "**Engagement Letter**") annexed to the Application as Exhibit A; and upon the Declaration of Julie M. Hertzberg in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The Debtors' corporate headquarters is located at 9 Greenway Plaza, Suite 2200, Houston, Texas 77046.

101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, nunc pro tunc to the Petition Date on the terms set forth in the Engagement Letter.

4. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and the Order herein, are reasonable terms and conditions of employment and are hereby approved. For avoidance of doubt, A&M's fees and expenses shall be subject to review for reasonableness under section 330 of the Bankruptcy Code.

5. For services rendered by the Engagement Personnel during these chapter 11 cases, the following language found at paragraph D of the Indemnification Agreement attached to the Engagement Letter is of no further force and effect: "...and further provided that in no event with the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement."

6. Further, in light of the scope and duration of A&M's retention in these cases, A&M has agreed with the United States Trustee that it will not seek to enforce in these cases Part E of the indemnification agreement which provides that: "The Company will also promptly pay the Indemnified Parties for any expenses reasonably incurred by them, including attorneys' fees and expenses, in seeking payment of all amounts owed it under the Agreement . . . whether through submission of a fee application or in any other manner . . . ."

7. Indemnification. As a material part of the consideration for which the A&M Professionals have agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions in paragraph 10 of the Engagement Letter. Notwithstanding the foregoing, the Debtors and A&M have agreed to modify such provisions as follows, during the pendency of these Chapter 11 cases:

a. A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

b. The Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir.

2003); or (iii) settled prior to a judicial determination as to clauses (i) or (ii) but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Application), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

8.  To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Delaware
September 8, 2015

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE