# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HERCULES OFFSHORE, INC., *et al.* ) | Case No. 15-11685 (KJC) |
| ) | |
| ) | Jointly Administered |
| ) | |
| Debtors.[1] ) | **Re: D.I. 80,** *112* |
| ) | |

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRERES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, (B) APPROVING THE TERMS OF THE LAZARD AGREEMENT, (C) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h) AND (D) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014(a), and Local Rules 2014-1 and 2016-2(h), seeking entry of an order (a) authorizing the retention and employment of Lazard Frères & Co. LLC ("Lazard") as investment banker to the Debtors, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the engagement letter dated April 15, 2015 (the "Engagement Letter"), by and between Lazard and Hercules Offshore, Inc. and each of its subsidiaries, and the letter regarding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The Debtors' corporate headquarters is located at 9 Greenway Plaza, Suite 2200, Houston, Texas 77046.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

indemnification and related matters, dated as of December 4, 2014, by and between Lazard and Hercules Offshore, Inc. and each of its subsidiaries (the "Indemnification Letter," and, together with the Engagement Letter, the "Lazard Agreement") (b) approving the terms of the Lazard Agreement, including the proposed compensation arrangements and the indemnification provisions set forth therein; (c) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (d) granting related relief, all as further described in the Application; the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application; and upon the Aebersold Declaration, the First Day Declaration, the record of the hearing and all proceedings had before the Court; Lazard being a "disinterested person" as defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as required by Bankruptcy Code section 327(a); and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved to the extent set forth herein.

2.     In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain Lazard in accordance with the terms and conditions set forth in the Lazard Agreement, as modified herein, effective *nunc pro tunc* to the Petition Date.

3.     The Lazard Agreement, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, the Monthly Fee, the In-Court Restructuring Fee and the Financing Fee (each as defined in the Lazard Agreement), is approved pursuant to Bankruptcy Code sections 327(a) and 328(a).

4.     The terms and conditions of Lazard's employment as provided in the Lazard Agreement are reasonable as required under section 328 of the Bankruptcy Code and are hereby approved. Further, the Fee Structure as set forth in the Lazard Agreement, including, without limitation, the Monthly Fee, the Restructuring Fee and the Financing Fee (each as defined in the Lazard Agreement), is approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Lazard Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

5.     In accordance with the terms set forth in the Application and the Lazard Agreement, the Debtors shall promptly reimburse Lazard for all reasonable expenses incurred by Lazard and the reasonable fees and expenses of outside counsel, if any, retained by Lazard, without the need for such legal counsel to be retained as professionals in these chapter 11 cases.

6.     In the event that, during the pendency of the Chapter 11 Cases, Lazard seeks reimbursement for any outside counsel fees and/or expenses, the invoices and supporting time

3

records from such attorneys shall be included in Lazard's own application (interim or final, as the case may be) and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code.

7. Lazard shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court; *provided, however*, that Lazard shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.

8. The Debtors are authorized to pay Lazard's fees and to reimburse Lazard for its costs and expenses in accordance with, and at the times provided by, the Lazard Agreement, and none of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

9. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be excused from filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2 and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records (in summary format) of its services rendered for the Debtors in one-half hour

increments, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to the Court as part of the filing of its final fee application with the Court.

10. Notwithstanding anything in this order to the contrary, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall retain all rights to object to Lazard's fees pursuant to the Engagement Letter based on the reasonableness standard provided for in Bankruptcy Code section 330. This order and the record relating to the Court's consideration of the Application shall not prejudice the rights of the U.S. Trustee to challenge the reasonableness of Lazard's fees under Bankruptcy Code section 330. Accordingly, nothing in this order or the record relating to the Court's consideration of the Application shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's fees. Further, nothing in the Engagement Letter shall affect or modify the standard of review applicable to an objection by the Office of the United States Trustee under this paragraph.

11. The provisions set forth in the Indemnification Letter are approved and the Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Lazard Agreement, and will indemnify and hold harmless Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees, and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), pursuant to the Lazard Agreement, subject during the pendency of these chapter 11 cases to the following conditions:

    a. subject to the provisions of subparagraph (d), *infra*, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the

Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

b. notwithstanding any provisions of the Indemnification Letter or the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et. al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), *infra*, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter or Engagement Letter, as modified by this order;

c. if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter or Engagement Letter, as modified by this order, including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard. For the avoidance of doubt, parties-in-interest in these chapter 11 cases shall retain the right to object to any such application that is filed with the Court.

12. Paragraph 10(b) of the Engagement Letter shall have no force of effect if the Debtors terminate the engagement due to Lazard's bad faith or gross negligence.

13. During the pendency of the bankruptcy case, the second sentence of paragraph 11 of the Engagement Letter, relating to fiduciary duty, shall have no force or effect.

14. Notice of the Application as provided therein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

17. To the extent this Order is inconsistent with the Lazard Agreement, this Order shall govern.

18. During the pendency of these chapter 11 cases, this Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this order.

Wilmington, Delaware
Dated: _____, 2015

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE