# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HERCULES OFFSHORE, INC., *et al.*, ) | Case No. 15-11685 (KJC) |
| ) | |
| Debtors.[1] ) | Joint Administration Requested |
| ) | RE: D.I. 7, 45, 67, 116 |

## FINAL ORDER AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF GENERAL UNSECURED CREDITORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of this final order (this "Final Order") authorizing the Debtors to pay allowed prepetition claims (collectively, the "Claims") of general unsecured creditors and creditors whose Claims may give rise to liens under certain state and federal laws (collectively, the "Creditors") in the ordinary course of business and for certain related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the relief requested being in the best interests of the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and their estates and creditors; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay prepetition amounts owed to the Creditors on account of the Claims.

3. The Debtors are authorized, but not directed, to condition payment of the Claims on a Creditor's maintenance or application of its Customary Terms; provided that any payment to a Creditor pursuant to the Motion on account of such Creditor's Claim where such Creditor has not agreed to Customary Terms will require the consent of the Steering Group.

4. If a Creditor after receiving payment on account of a Claim ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the Debtors, in their sole discretion, may (a) without further notice to or action, order, or approval of this Court deem such payment to apply to postpetition amounts payable to such Creditor, if applicable, or (b) upon notice to this Court, recover such payment in cash from the Creditor as an unauthorized postpetition transfer, and the Creditor, by virtue of this Final Order, will be deemed ordered to return such payment to the Debtors within seven Business Days.

5. The automatic stay is modified to permit the Creditors to proceed with litigation commenced before the Petition Date against the Debtors as the Debtors, with the consent of the Steering Group, deem appropriate to any litigation, cause of action or claim (1) belonging to any

of the Debtors, (2) that can be brought on any of the Debtors' behalf or (3) that has been brought by a current or former equity holder of any of the Debtors.

6. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Final Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these chapter 11 cases.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Claims.

8. Nothing contained in the Motion or this Final Order is intended or should be construed as a decision by the Debtors to assume or reject any executory contract or unexpired lease, or to effect the assumption or rejection of any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

9. Nothing contained in the Motion or this Final Order is intended or should be construed to create an administrative priority claim on account of any Claim.

10. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission as to the validity or priority of any Claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any Claim or lien.

11. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b).

12. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule

3

6004(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

Dated: Sept 8, 2015

United States Bankruptcy Judge

4