IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| HERCULES OFFSHORE, INC., *et al.* | ) | Case No. 15-11685 (KJC) |
| | ) | Jointly Administered |
| Debtors.[1] | ) | |
| | ) | Re: D.I. 10, 48, 64 & 109 |

**FINAL ORDER GRANTING MOTION OF HERCULES OFFSHORE, INC.,
*ET AL.*, FOR ENTRY OF ORDER (A) AUTHORIZING THE DEBTORS TO
(I) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (II)
HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (III)
MAINTAIN EXISTING BUSINESS FORMS, AND (IV) CONTINUE TO
PERFORM INTERCOMPANY TRANSACTIONS, (B) AUTHORIZING AND
DIRECTING THE DEBTORS' BANKS TO HONOR ALL RELATED PAYMENT
REQUESTS, (C) WAIVING THE DEBTORS' COMPLIANCE WITH
INVESTMENT GUIDELINES SET FORTH IN SECTION 345(B) OF THE
BANKRUPTCY CODE; AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) continue to operate the Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) in the ordinary course of business, maintain existing business forms, and (iv) continue to perform the Intercompany Transactions consistent with historical practice, (b) authorizing and directing the Debtors' banks to honor all related payment requests, (c) waiving the Debtors' compliance with investment guidelines set forth in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The address of the Debtors' corporate headquarters is 9 Greenway Plaza, Ste 2200, Houston, TX 77046.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

section 345(b) of the Bankruptcy Code, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having afforded the opportunity for a hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. All relief granted in the Interim Order is hereby granted on a final basis.

3. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System, as described in the Motion; (b) honor their prepetition obligations related thereto; (c) maintain existing business forms; and (d) continue to perform Intercompany Transactions consistent with historical practice, subject to the limitations described in the Motion and this Final Order.

4.    The Debtors are further authorized, in their sole discretion, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on <u>Exhibit C</u> attached to the Motion; (b) use, in their present form, all correspondence and business forms (including letterhead, purchase orders, and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date and thereafter, without reference to the Debtors' status as debtors in possession; (c) treat the Debtors' existing Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the prepetition Bank Fees; and (f) pay any ordinary course bank fees incurred in connection with the Debtors' existing Bank Accounts, and to otherwise perform their obligations under the documents governing the Debtors' existing Bank Accounts.

5.    Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, items, and other payment orders drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of these chapter 11 cases; (b) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtor's accounts with such Bank prior to the commencement of these chapter 11 cases which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the individual Debtor was responsible for such items prior to commencement of these chapter 11 cases; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

3

6.  All banks at which the Debtors' existing Bank Accounts are maintained are authorized to continue to maintain, service, and administer the Debtors' existing Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtors' existing Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7.  All Banks provided with notice of this Final Order maintaining any of the Debtors' existing Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

8.  In the course of providing cash management services to the Debtors, each of the Banks is authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9.  Subject to the terms set forth herein, any of the Debtors' Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the Petition should be honored pursuant to this

or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

10. Any Banks are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; provided, however, that the Debtors' banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

11. The Debtors, with the consent of the Steering Group (as defined in the Plan), are authorized to (a) open any new Bank Accounts or close any existing Bank Accounts, and (b) enter into any ancillary agreements, related to the foregoing, as they may deem necessary and appropriate; provided, however, that in the event that the Debtors open or close any Bank Accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee's Office") within 15 days; provided, further, that the Debtors shall open such new Bank Account(s) at banks that have executed a uniform depository agreement with the U.S. Trustee's Office, or at such banks that are willing to immediately execute such an agreement; and provided further that any such new Bank Account(s) opened by the Debtors shall be subject to the terms of this Final Order.

12. For any Bank maintaining any of the Debtors' existing Bank Accounts that is party to a Uniform Depository Agreement with the U.S. Trustee's Office, within 15 days of entry of this Final Order, the Debtors shall (a) contact such bank, (b) provide the applicable Debtor's employer identification number, and (c) identify each of its accounts held at such bank as being held by a debtor in possession in a bankruptcy case.

13. If the Debtors hold Bank Accounts at a Bank that is not party to a Uniform Depository Agreement with the U.S. Trustee's Office, the Debtors shall use their good-faith efforts to cause such bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within 60 days of the date of this Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

14. The Debtors are authorized and empowered on a final basis to continue to the Investment Practices, consistent with prior practice.

15. The Debtors are authorized on a final basis to continue to invest excess funds consistent with prior practice in the Overnight Investment Accounts and the investment guidelines of section 345(a) of the Bankruptcy Code are hereby waived.

16. The Debtors are authorized to continue Intercompany Transactions arising from or related to the operation of their business in the ordinary course, including the transfer of funds to the Non-Debtor Subsidiaries, during these chapter 11 cases, provided that Intercompany Transactions in which funds are transferred from a Debtor to a Non-Debtor shall only be permitted with the consent of the Steering Group and the Debtors will provide the U.S. Trustee no less than three (3) days' notice of any such transfers. In connection with the Intercompany Transactions, the Debtors shall continue to maintain accurate and detailed records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts; provided, that such records shall distinguish between prepetition and postpetition transactions; and provided further that such records shall be made available promptly to the advisors to the Steering Group upon request. The Debtors will

account for Intercompany Transactions on a per entity basis in the Monthly Operating Reports that they file with the Bankruptcy Court.

17. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

18. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

19. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

22. The Debtors shall serve a copy of this Final Order on all of their Banks within three (3) business days of entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Wilmington, Delaware
Dated: _____, 2015

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE