# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HERCULES OFFSHORE, INC., *et al.* ) | Case No. 15-11685 (KJC) |
| ) | Jointly Administered |
| Debtors.[1] ) | |
| ) | Re: D.I. 11, 49, 70 & 108 |

## FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion (the "Motion") of Hercules Offshore, Inc. and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for a final order (this "Final Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, (i) prohibiting the Utility Companies[2] from altering, refusing, or discontinuing Utility Services; (ii) deeming the Utility Companies adequately assured of future performance; (iii) approving the Debtors' proposed offer of adequate assurance and procedures governing the Utility Companies' requests for additional or different adequate assurance; and (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed in the Motion, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cliffs Drilling Company (8934); Cliffs Drilling Trinidad L.L.C. (5205); FDT LLC (7581); FDT Holdings LLC (4277); Hercules Drilling Company, LLC (2771); Hercules Liftboat Company, LLC (0791); Hercules Offshore, Inc. (2838); Hercules Offshore Services LLC (1670); Hercules Offshore Liftboat Company LLC (5303); HERO Holdings, Inc. (5475); SD Drilling LLC (8190); THE Offshore Drilling Company (4465); THE Onshore Drilling Company (1072); TODCO Americas Inc. (0289); and TODCO International Inc. (6326). The address of the Debtors' corporate headquarters is 9 Greenway Plaza, Suite 2200, Houston, Texas 77046.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the relief requested being in the best interests of the Debtors and their estates and creditors; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. All relief granted in the Interim Order is hereby granted on a final basis.

3. The Debtors' Proposed Adequate Assurance satisfies the requirements under section 366 of the Bankruptcy Code.

4. Any Utility Company that fails to submit an Additional Assurance Request in accordance with the Adequate Assurance Procedures previously approved by this Court, or to file a timely Procedures Objection as required by the Interim Order is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code and shall not (i) discontinue, alter, or refuse service to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or as a result of any unpaid prepetition

charges, or (ii) require additional adequate assurance of payment other than any Adequate Assurance Deposit supplied.

5.      The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utilities Service List attached as <u>Exhibit A</u> to the Motion.

6.      The Debtors are authorized to supplement, as necessary, the Utility Service List and the Debtors shall serve copies of the Motion, the Interim Order and this Final Order on such newly identified Utility Companies, and that this Final Order shall be binding on all Utility Companies providing Utility Services to the Debtors, regardless of when each Utility Company was added to the Utility Service List, provided that any such newly identified Utility Company not on the Utility Service List annexed to the Motion shall have until the later of (i) 14 days from the date of such service or (ii) 30 days from the entry of this Final Order to serve an Additional Assurance Request (as defined in the Motion) in accordance with the Adequate Assurance Procedures approved by this Court. The Debtors will add two weeks' worth of utilities charges to the deposit for each subsequently added Utility Company.

7.      The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

9.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any

prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10. The Debtors' service of the Motion upon a company or a Utility Company's inclusion on the Utility Service List shall not constitute an admission or concession that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors retain all rights and defenses with respect thereto.

11. Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE